IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RNG INVESTMENTS, INC., a Texas corporation, | § § § § | |
| Plaintiff, | § § | CIVIL NO. 5:22-cv-5 |
| v. | § § | JURY TRIAL DEMANDED |
| GUSTAVO FLORES-GARCIA, an individual, and ROSAURA DELCARMEN GOMEZ, an individual, | § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff RNG Investments, Inc. ("RNG" or "Plaintiff") files this Original Complaint against Gustavo Flores-Garcia and Rosaura Delcarmen Gomez (collectively "Defendants"), and in support thereof alleges the following:

### NATURE OF ACTION

1. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. 1051 *et seq.*, common law trademark infringement under Texas law, and common law unfair competition under Texas law in which Plaintiff seeks injunctive relief, monetary damages, and attorney's fees.

### PARTIES

2. Plaintiff is a corporation organized under the laws of Texas with a principal business address of 315 Calle del Norte Suite 201, Laredo, Texas 78041.

3. Defendant Gustavo Flores-Garcia is an individual who, upon information and belief, resides in Laredo, Texas. Defendant Flores-Garcia may be served at his home address of 1015 Cortez St., Laredo, Texas 78040, or wherever he may be found.

4. Defendant Rosaura Delcarmen Gomez is an individual who, upon information and belief, resides in Laredo, Texas. Ms. Gomez may be served at her home address of 4424 Mercedes Dr., Laredo, Texas 78046, or wherever she may be found.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338. This Court also has jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial number of events giving rise to the claim occurred in this district and the Defendants reside in this district.

## FACTS

*Plaintiff's Business and Trademarks*

6. Plaintiff operates a well-established and popular reception hall and event hosting company.

7. Plaintiff uses and is the trademark owner of several variations of the trademark ESTANCIA in connection with its business, including trademark rights in and to the trademark ESTANCIA EVENTS.

8. Plaintiff owns United States Trademark Registration No. 5,831,345 for ESTANCIA EVENTS in International Class 35 for "planning special events for business purposes; arranging and conducting special events for business purposes" and International Class 41 for "planning, arranging and conducting special events for social entertainment purposes; consultation

in the field of special event planning for social entertainment purposes; hosting special events for social entertainment purposes."

9. U.S. Registration No. 5,831,345 was issued by the United States Patent and Trademark Office ("USPTO") on August 13, 2019. A true and correct copy of the Registration Certificate is attached hereto as **Exhibit A** and incorporated by reference herein.

10. Plaintiff owns United States Trademark Registration No. 5,831,344 for the styled version of its mark *ESTANCIA EVENTS* in International Class 35 for "planning special events for business purposes; arranging and conducting special events for business purposes" and International Class 41 for "planning, arranging and conducting special events for social entertainment purposes; consultation in the field of special event planning for social entertainment purposes; hosting special events for social entertainment purposes."

11. U.S. Registration No. 5,831,344 was issued by the USPTO on August 13, 2019. A true and correct copy of the Registration Certificate is attached hereto as **Exhibit B** and incorporated by reference herein.

12. Plaintiff also owns United States Trademark Registration No. 5,837,523 for ESTANCIA in International Class 35 for "planning special events for business purposes; arranging and conducting special events for business purposes" and International Class 41 for "planning, arranging and conducting special events for social entertainment purposes; consultation in the field of special event planning for social entertainment purposes; hosting special events for social entertainment purposes."

13. U.S. Registration No. 5,837,523 was issued by the USPTO on August 20, 2019. A true and correct copy of the Registration Certificate is attached hereto as **Exhibit C** and

incorporated by reference herein.

14. Plaintiff has used the above-described trademarks (hereinafter the "ESTANCIA EVENTS Marks") in commerce to provide event hosting and event planning services since at least as early as January 1, 2017.

15. Plaintiff currently operates two ESTANCIA EVENTS locations. One in San Juan, Texas, with an address of 1101 E FM 495 G, San Juan, Texas 78589, and one in Laredo, Texas with an address of 110 Willow Oak St., Laredo, Texas 78043.

16. Plaintiff uses and promotes its event hosting and event planning services with its ESTANCIA EVENTS Marks throughout the Rio Grande Valley region and the greater Laredo area.

17. Plaintiff advertises its event hosting and event planning services using its ESTANCIA EVENTS Marks locally, nationally, and internationally through a wide variety of media.

18. Plaintiff uses its ESTANCIA EVENTS Marks to maintain a strong internet presence via various websites, including its website https://www.estanciaevents.com/, and social media accounts, including Facebook at https://www.facebook.com/estancialaredo/. True and correct copies of screenshots of Plaintiff's website and Facebook page are attached hereto as **Exhibits D** and **E**, respectively, and incorporated by reference herein.

19. The events hosted and planned by Plaintiff using its ESTANCIA EVENTS Marks are primarily weddings, wedding receptions, and quinceañeras.

*Defendants' Business*

20. Based on information and belief, Defendants operate a competing reception hall and event hosting service initially opened using the trademark ELEGANCIA RECEPTION

HALL, as shown below:



21.     A true and correct copy of Defendants' Facebook page illustrating same is attached hereto as **Exhibit F** and incorporated by reference herein. The "ELEGANCIA" term is stylized and appears virtually identical to Plaintiff's stylized term "ESTANCIA".

22.     Defendants are in the process of remodeling and/or recently opened their remodeled competing reception hall and event hosting service.  In addition to changes to their building, Defendants also "updated" their mark to appear even closer to Plaintiff's Mark.  Defendants are using the confusingly similar trademark ELEGANCIA EVENTS which includes a stylized version of the mark that is nearly identical to Plaintiff's Mark as shown below (collectively the "ELEGANCIA EVENTS Marks"):



23.     Based on information and belief, Defendants are the owners of the infringing ELEGANCIA EVENTS business.

24.     Defendants ELEGANCIA EVENTS business is located at 7128 Rosson Rd, Laredo, Texas 78041.

25.     Based on information and belief, Defendants provide event hosting and event planning services that are identical to Plaintiff's services.

*Plaintiff Objected to Defendants' Use of the ELEGANCIA and ELEGANCIA EVENTS marks.*

26. Prior to filing this lawsuit, the marketing director for Plaintiff, Joel Cotton, contacted Defendants via telephone on or around November 1, 2021. Mr. Cotton contacted Defendants via the phone number 956-415-4728 and spoke to someone who identified himself as "Alex." Mr. Cotton informed Defendants of Plaintiff's trademark rights in the ESTANCIA EVENTS Marks, noted the actual confusion taking place, objected to Defendants' use of the confusingly similar ELEGANCIA EVENTS Mark, and requested Defendants change to a different trademark to avoid further confusion and the necessity of further legal action.

27. Based on information and belief, the phone number 956-415-4278 belongs to Defendant Gustavo Flores-Garcia.

28. Defendants rejected and/or ignored Plaintiff's request.

*Defendants' Infringement*

29. Based on information and belief, Defendants are actively promoting their business and soliciting customers using the ELEGANCIA EVENTS Marks.

30. Defendants operate an updated Facebook page for their business with the domain: https://www.facebook.com/eleganciaeventslaredo, a true and correct copy of which is attached hereto as **Exhibit G** and incorporated by reference herein.

31. The mark ELEGANCIA EVENTS is currently featured prominently on Defendants' Facebook page.

32. Defendants advertise event hosting and planning services using the infringing ELEGANCIA EVENTS Marks.

33. Based on the content of Defendants' Facebook page, the events Defendants host and plan using the ELEGANCIA EVENTS Mark are primarily weddings, wedding receptions, and quinceañeras.

34. Defendants' ELEGANCIA EVENTS Marks are nearly identical to Plaintiff's ESTANCIA EVENTS Marks. The words ELEGANCIA and ESTANCIA are nearly identical in sound and appearance, sharing the same first letter and same last four letters.

35. Defendants also copied the stylized font used in Plaintiff's ESTANCIA EVENTS Marks. A side-by-side comparison, as depicted below, demonstrates how Defendants' ELEGANCIA EVENTS Marks uses the same stylized cursive E as Plaintiff's ELEGANCIA EVENTS Marks:

  

*Plaintiff Mark*               *Defendants' Mark*

36. The style of the marks is visually identical.

37. The marks convey the same commercial impression of stateliness and elegance.

38. The parties use their marks in the same geographic area and cater to the same customer base. More specifically, both businesses are in the same town. Defendants are opening or have opened their infringing ELEGANCIA EVENTS business less than six miles from Plaintiff's Laredo location.

39. The parties provide identical services, namely, event hosting and event planning services primarily consisting of weddings, wedding receptions, and quinceañeras.

40. Plaintiff has already experienced incidences of actual confusion. More specifically, third parties have approached representatives of Plaintiff asking about Plaintiff's "new" business. These third parties are mistakenly referring to Defendants' ELEGANCIA EVENTS business, because the third parties mistakenly believed Defendants' ELEGANCIA EVENTS is affiliated with Plaintiff's ESTANCIA EVENTS.

41. As a result of Defendants' actions, there has been actual confusion as to whether Plaintiff is affiliated or otherwise related to Defendants' business. Plaintiff is being damaged by Plaintiff's perceived affiliation to Defendants. Plaintiff has no desire to be associated with Defendants or Defendants' business.

42. Defendants' willful and malicious acts and/or omissions as described above and incorporated by reference herein give rise to the following causes of action:

### Count I – Trademark Infringement Pursuant to 15 U.S.C. §1114

43. The allegations set forth above in the preceding paragraphs are incorporated by reference and fully set forth herein.

44. Plaintiff is owner and senior user of the ESTANCIA EVENTS Marks because Plaintiff has continuously used its ESTANCIA EVENTS Marks to provide event hosting and event planning services since at least as early as January 1, 2017. Defendants did not start using the infringing ELEGANCIA EVENTS Marks until approximately five years after Plaintiff started using Plaintiff's ESTANCIA EVENTS Marks.

45. Plaintiff has three United States trademark registrations for its ESTANCIA and ESTANCIA EVENTS Marks. *See* Exhibits A-C.

46. Plaintiff's extensive use in commerce of its ESTANCIA EVENTS Marks and its federal trademark registrations establish enforceable trademark rights in the ESTANCIA EVENTS Marks.

47. Defendants are using the nearly identical trademark ELEGANCIA EVENTS to provide services that are identical to Plaintiff's services.

48. Defendants' ELEGANCIA EVENTS Mark is visually and audibly similar to Plaintiff's ESTANCIA EVENTS Mark and copies the stylized font used in Plaintiff's ESTANCIA EVENTS Marks.

49. Both parties provide services in Laredo, Texas, and the surrounding area.

50. Both parties advertise their services locally, nationally, and internationally using the internet.

51. Plaintiff and Defendants compete in the same geographic market for the same customers.

52. Defendants' use of the ELEGANCIA EVENTS Marks is likely to cause confusion, mistake, or deception on the public as to an affiliation, sponsorship, or approval by Plaintiff of Defendants' services.

53. Defendants' use of the ELEGANCIA EVENTS Marks is already causing actual confusion amongst the public as to an affiliation between Defendants' business and Plaintiff's ESTANCIA EVENTS brand.

54. Defendants' acts constitute trademark infringement under 15 U.S.C. §1114 of the Lanham Act.

55. Defendants' acts of trademark infringement have damaged Plaintiff in an amount not yet determined. Pursuant to 15 U.S.C. §1117, Plaintiff seeks Defendants' profits, actual damages, costs of this action, and such additional relief as may be deemed appropriate and awarded by this Court.

56. Plaintiff has invested significant time and resources into developing the goodwill associated with the ESTANCIA EVENTS Marks. The goodwill of the marks is of substantial value

to Plaintiff, and Plaintiff has and will continue to suffer irreparable harm should trademark infringement by Defendants be allowed to continue.

57. Pursuant to 15 U.S.C. §1114 and §1116, Plaintiff is entitled to and respectfully requests preliminary and permanent injunctive relief to restrain Defendants' infringement of Plaintiff's ESTANCIA EVENTS Marks, including, but not limited to, any and all use by Defendants of the infringing ELEGANCIA EVENTS Marks.

58. Based on information and belief, Defendants were aware of Plaintiff's use and ownership of Plaintiff's ESTANCIA EVENTS Marks when Defendants adopted the infringing ELEGANCIA EVENTS Marks.

59. Based on information and belief, Defendants intentionally adopted the confusingly similar ELEGANCIA EVENTS Mark to trade off the goodwill Plaintiff has developed in Plaintiff's ESTANCIA EVENTS Marks.

60. Defendants ignored Plaintiff's objection to their use of the confusingly similar ELEGANCIA EVENTS Marks and have continued to use the ELEGANCIA EVENTS Marks despite having actual knowledge their use is causing actual confusion amongst the public.

61. Defendants' acts of trademark infringement have been, and continue to be, deliberate and willful, therefore, warranting an award of enhanced damages.

62. Plaintiff is entitled to and seeks a finding that this case is exceptional and warrants an award of attorney's fees pursuant to 15 U.S.C. §1117(a).

**Count II – Unfair Competition Pursuant to 15 U.S.C. 1125(a)**

63. The allegations set forth above in the preceding paragraphs are incorporated by reference and fully set forth herein.

64. Plaintiff is owner and senior user of the ESTANCIA EVENTS Marks because

Plaintiff has continuously used its ESTANCIA EVENTS Marks to provide event hosting and event planning services since at least as early as January 1, 2017. Defendants did not start using the infringing ELEGANCIA EVENTS Marks until approximately five years after Plaintiff started using its ESTANCIA EVENTS Marks.

65. Plaintiff owns extensive common law trademark rights in its ESTANCIA EVENTS Marks.

66. Defendants are using the nearly identical trademark ELEGANCIA EVENTS to provide event hosting and event planning services that are identical to Plaintiff's services.

67. Both parties provide their respective services in Laredo, Texas and the surrounding area.

68. Both parties advertise and promote their services locally, nationally, and internationally using the internet.

69. Plaintiff and Defendants compete in the same geographic market for the same customers.

70. Defendants' use of the ELEGANCIA EVENTS Marks is likely to cause confusion, mistake, or deception on the public as to an affiliation, sponsorship, or approval by Plaintiff of Defendants' services.

71. Defendants' use of the ELEGANCIA EVENTS Marks is already causing actual confusion amongst the public as to an affiliation between Defendants' business and Plaintiff's ESTANCIA EVENTS brand.

72. Defendants' acts constitute unfair competition under 15 U.S.C. § 1125(a) of the Lanham Act.

73. Defendants' acts of unfair competition have damaged Plaintiff in an amount not yet determined. Pursuant to 15 U.S.C. §1117, Plaintiff seeks Defendants' profits, actual damages, costs of this action, and such additional relief as may be deemed appropriate and awarded by this Court.

74. Plaintiff has invested significant time and resources into developing the goodwill associated with the ESTANCIA EVENTS Marks. The goodwill of the marks is of substantial value to Plaintiff, and Plaintiff has and will continue to suffer irreparable harm should unfair competition by Defendants be allowed to continue.

75. Pursuant to 15 U.S.C. §1116, Plaintiff is entitled to, and respectfully requests, preliminary and permanent injunctive relief to restrain Defendants' unfair competition, including, but not limited to, enjoining any and all use of Defendants' infringing marks.

76. Defendants' acts of unfair competition have been, and continue to be, deliberate and willful, therefore, warranting an award of enhanced damages.

77. Plaintiff is entitled to and seeks a finding that this case is exceptional and warrants an award of attorney fees pursuant to 15 U.S.C. §1117(a).

### Count III – Texas Common Law Trademark Infringement

78. The allegations set forth above in the preceding paragraphs are incorporated by reference and fully set forth herein.

79. Plaintiff is the owner and senior user of the ESTANCIA EVENTS Marks for event hosting and event planning services.

80. Plaintiff has used the ESTANCIA EVENTS Marks in Texas and United States since at least as early as January 1, 2017.

81. Plaintiff owns extensive common law trademark rights in its ESTANCIA EVENTS Marks.

82. Defendants are using the nearly identical ELEGANCIA EVENTS Marks to provide event hosting and event planning services identical to Plaintiff's services.

83. The parties provide and promote their services in the same geographic territory and to the same customers.

84. Defendants' use of the ELEGANCIA EVENTS Marks is likely to cause confusion, mistake, or deception on the public as to an affiliation, sponsorship, or approval by Plaintiff of Defendants' services.

85. Defendants' use of the ELEGANCIA EVENTS Marks is already causing confusion amongst the public as to an affiliation between Defendants' business and Plaintiff's ESTANCIA EVENTS brand.

86. Defendants' acts constitute common law trademark infringement pursuant to Texas law.

87. Defendants' acts of trademark infringement have damaged Plaintiff in an amount not yet determined. Plaintiff seeks Defendants' profits, actual damages, costs of this action, and such additional relief as may be deemed appropriate and awarded by this Court.

88. Plaintiff has invested significant time and resources into developing the goodwill associated with the ESTANCIA EVENTS Marks. The goodwill of the marks is of substantial value to Plaintiff, and Plaintiff has and will continue to suffer irreparable harm should trademark infringement by Defendants be allowed to continue.

89. Plaintiff is entitled to, and respectfully requests, preliminary and permanent injunctive relief to restrain Defendants' trademark infringement, including, but not limited to, enjoining any and all use of Defendants' infringing marks.

90. Defendants' acts of trademark infringement have been, and continue to be, deliberate and willful, therefore, warranting an award of enhanced damages.

91. Plaintiff is entitled to and seeks a finding that this case warrants an award of attorney fees.

### Count IV – Texas Unfair Competition

92. The allegations set forth above in the preceding paragraphs are incorporated by reference and fully set forth herein.

93. Plaintiff is the owner and senior user of the ESTANCIA EVENTS Marks for event hosting and event planning services.

94. Plaintiff has used the ESTANCIA EVENTS Marks in Texas and United States since at least as early as January 1, 2017.

95. Plaintiff owns extensive common law trademark rights in its ESTANCIA EVENTS Marks.

96. Defendants are using the nearly identical ELEGANCIA EVENTS Marks to provide event hosting and event planning services that are identical to Plaintiff's services.

97. Defendants' use of the ELEGANCIA EVENTS Marks is likely to cause confusion, mistake, or deception on the public as to an affiliation, sponsorship, or approval by Plaintiff of Defendants' services.

98. Defendants' use of the ELEGANCIA EVENTS Marks is already causing confusion amongst the public as to an affiliation between Defendants' business and Plaintiff's ESTANCIA

EVENTS brand.

99. Defendants' acts constitute unfair competition pursuant to Texas law.

100. Defendants' acts of unfair competition have damaged Plaintiff in an amount not yet determined. Plaintiff seeks Defendants' profits, actual damages, costs of this action, and such additional relief as may be deemed appropriate and awarded by this Court.

101. Plaintiff has invested significant time and resources into developing the goodwill associated with the ESTANCIA EVENTS Marks. The goodwill of the marks is of substantial value to Plaintiff, and Plaintiff has and will continue to suffer irreparable harm should unfair competition by Defendants be allowed to continue.

102. Plaintiff is entitled to, and respectfully requests, preliminary and permanent injunctive relief to restrain Defendants' unfair competition, including, but not limited to, enjoining any and all use of Defendants' infringing marks.

103. Defendants' acts of unfair competition have been, and continue to be, deliberate and willful, therefore, warranting an award of enhanced damages.

104. Plaintiff is entitled to and seeks a finding that this case warrants an award of attorney fees.

## CONDITIONS PRECEDENT

105. Plaintiff avers that all conditions precedent to its right of recovery have occurred or have been performed.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all triable issues alleged in this Complaint.

## PRAYER

WHEREFORE, Plaintiff RNG Investments, Inc. respectfully prays this Court enter judgment as follows:

(a) Defendants, and all other persons in active concert and/or participation with Defendants, be permanently enjoined from engaging in the acts of trademark infringement and unfair competition complained of herein, including, but not limited to, ceasing use of the ELEGANCIA EVENTS Marks and/or any mark confusingly similar to Plaintiff's ESTANCIA or ESTANCIA EVENTS marks;

(b) Defendants pay Plaintiff all profits Defendants generated from Defendants' trademark infringement and unfair competition and all actual damages suffered by Plaintiff as a result of Defendants' trademark infringement and unfair competition;

(c) Finding this case is an exceptional case and awarding Plaintiff enhanced damages and attorney's fees;

(e) Awarding Plaintiff prejudgment and post-judgment interest;

(f) Awarding Plaintiff costs of Court; and

(g) For such other and further relief, at law or in equity, to which Plaintiff shows itself to be justly entitled.

Dated: January 20, 2022                                    Respectfully Submitted

By:/s/ Miguel Villarreal, Jr.
Miguel Villarreal, Jr.
Texas State Bar No. 24042095
S.D. Texas Attorney No. 566669
mvillarreal@gunn-lee.com

Brandon T. Cook
Texas State Bar No. 24084166
S.D. Texas Attorney No. 3312656
bcook@gunn-lee.com

G<span style="font-variant:small-caps">unn</span>, L<span style="font-variant:small-caps">ee</span>, & C<span style="font-variant:small-caps">ave</span>, P.C.
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
(210) 886-9500 Telephone
(210) 886-9883 Facsimile

**ATTORNEYS FOR PLAINTIFF**
